Matter of Luis UU. v Edith VV. (2025 NY Slip Op 05859)

Matter of Luis UU. v Edith VV.

2025 NY Slip Op 05859

Decided on October 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 23, 2025

CV-24-1284
[*1]In the Matter Luis UU., Respondent,
v
Edith VV., Appellant, et al., Respondent.

Calendar Date:September 4, 2025

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Lisa K. Miller, McGraw, for appellant.
Michelle I. Rosien, Philmont, for respondent.
Bradley J. Rooke, Broadalbin, attorney for the child.

Aarons, J.
Appeal from an order of the Family Court of Chemung County (Mary Tarantelli, J.), entered July 1, 2024, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) is the father of a child (born in 2013), who has certain special needs. Respondent Edith VV., whom the child calls his grandmother (hereinafter referred to as such), is not biologically related to the child but has had custody of him since 2019. The father, not knowing he was the child's father for much of the child's life, was incarcerated until April 2022. At some point, the father was informed that the child was his, which was confirmed in a paternity test. After his release, the father obtained an order granting him supervised visitation with the child. That order was modified in January 2023, upon the stipulation of the parties to the existence of extraordinary circumstances, by granting them shared physical and joint legal custody, with the grandmother having the final say as to legal custodial decisions.
The father commenced this modification proceeding in December 2023, seeking, among other things, increased parenting time and full legal custody. After a fact-finding hearing and a Lincoln hearing, Family Court granted the father's petition, awarded him legal and physical custody of the child, and awarded the grandmother parenting time. The grandmother appeals. We affirm.
Initially, the father met his threshold burden to show a "change in circumstances has occurred since the entry of the existing custody order that then warrants an inquiry into what custodial arrangement is in the best interests of the child" (Matter of Joseph XX. v Jah-Rai YY., 226 AD3d 49, 53 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 43 NY3d 901 [2025]; see Matter of Nathaniel V. v Kristina W., 173 AD3d 1308, 1309 [3d Dept 2019]). "The required change in circumstances, in turn, may be found to exist where the parties' relationship has deteriorated to a point where there is no meaningful communication or cooperation for the sake of the child" (Matter of John EE. v Jalyssa GG., 222 AD3d 1219, 1221 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Matter of David JJ. v Verna-Lee KK., 207 AD3d 841, 843-844 [3d Dept 2022]). "Inasmuch as Family Court is in a superior position to evaluate witness credibility, this Court will defer to its factual findings and only assess whether its determination is supported by a sound and substantial basis in the record" (Matter of David JJ. v Verna-Lee KK., 207 AD3d at 843 [internal quotation marks and citations omitted]; accord Matter of John EE. v Jalyssa GG., 222 AD3d at 1221).
The record establishes that, in light of the child's needs, the shared custody arrangement embodied in the prior order required exceptionally close coordination between the father and the grandmother. Yet, it was uncontroverted that medical [*2]and educational appointments would be scheduled, canceled and rescheduled without notification to the father, who could not always attend the rescheduled appointments due to his employment. Indeed, the record shows that the father and the grandmother hardly spoke, communicating through the father's wife usually by text message or phone. Given the child's needs, Family Court providently determined that the lack of coordination between the father's household and the grandmother in the time since the prior order was hindering the child's development, and thus the court's finding of changed circumstances will remain undisturbed (see Matter of Joseph XX. v Jah-Rai YY., 226 AD3d at 54; Matter of John EE. v Jalyssa GG., 222 AD3d at 1221-1222).
Next, the grandmother and the attorney for the child contend that Family Court's grant of legal and physical custody to the father and parenting time to the grandmother is not in the child's best interests. "Determining the child's best interests requires consideration of, among other factors, the quality of the home environments of each [party], the need for stability in the child's life, the degree to which each [party] has complied with the existing custodial arrangement and whether he or she will promote a positive relationship between the child and the other [party], as well as each [party's] past performance and ability to provide for the child's physical, emotional and intellectual well-being" (Matter of Ashley UU. v Ned VV., 235 AD3d 1200, 1201 [3d Dept 2025] [internal quotation marks and citations omitted]; see Matter of Evelyn EE. v Jody CC., 222 AD3d 1294, 1297 [3d Dept 2023], lvs denied 41 NY3d 907 [2024], 41 NY3d 907 [2024], 41 NY3d 907 [2024]; Matter of Tiffany W. v James X., 196 AD3d 787, 791 [3d Dept 2021]).
Testimony established that the father and his wife, though both employed, had taken an active role in the child's life, advocating for medical and educational interventions and implementing technology quickly in their home to assist with the child's education. They manage a blended household consisting of the child's numerous step- and half siblings who are close in age to the child and with whom the child has bonded, and one of whom has needs similar to the child's. The father's household, though busier than the grandmother's, is more structured and rule-based, and he, his wife and their other children have experience helping the child regulate his emotions. As a sound and substantial basis in the record supports Family Court's conclusion that the child's best interests are served by granting legal and physical custody to the father and parenting time to the grandmother, it will not be disturbed (see Matter of Michael M. v Makiko M., 238 AD3d 1304, 1306 [3d Dept 2025]; Matter of John EE. v Jalyssa GG., 222 AD3d at 1222). The parties' remaining contentions, to the extent not specifically addressed, have been reviewed and found meritless.
Garry, P.J., Clark, Reynolds Fitzgerald and Ceresia, JJ[*3]., concur.
ORDERED that the order is affirmed, without costs.